William J. Walsh, Appellee, v. Peoria Railway Company, Appellant.

Gen. No. 5359.

1. VERDICTS—*when excessive.* A verdict reduced by *remittitur* to $1,625 is excessive where it appears that the plaintiff at the time of the accident was working for $125 per month, was absent from his employment for five months, seven weeks of which time was spent in bed—no medical testimony being produced to support the claim of physicial injuries sustained.

2. CONTRIBUTORY NEGLIGENCE—*effect of.* A person injured is barred of recovery if his own negligence contributed to the accident in question.

Action in case for personal injuries. Appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1910. Reversed with finding of facts. Opinion filed October 18, 1910.

PINKNEY & McROBERTS, for appellant.

DAILY & MILLER, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Monroe avenue in the city of Peoria runs in a northerly and southerly direction and Morgan street crosses it at right angles. Appellant operates a double track street car line upon said Monroe avenue. The cars on the easterly track go north, and it is called the "up track." The cars on the westerly track go south, and it is called the "down" track. Appellee is a chauffeur. On January 29, 1909, a funeral procession, going north upon Monroe avenue on the easterly side of the street between the east street car track and the curb, was moving about four miles per hour. A car upon appellant's street railway was going north on the up track and stopped above the north line of Morgan street to let off passengers. The rear end of the procession was about opposite said car. Another car was coming from the north on the down track and was approaching Morgan street. Appellee came north be-

hind the procession and street car, driving an expensive automobile owned by his employer. A heavy snow storm was prevailing. He had groceries in his automobile and wished to go to his employer's home, which was on Madison avenue, the next street east of and parallel with Monroe avenue, but several blocks north of Morgan street. He was going north with the east wheel of his automobile east of the street car track and the west wheels west of the east rail. Finding his progress retarded by the funeral and the street car, he turned at or near Morgan street across the other track and his automobile and the south bound street car collided. The right hand front wheel of the automobile, the front axle and the steering wheel, were injured or broken, the glass wind shield was broken, and appellee was injured. He brought this suit to recover damages for the injuries to his person. He had a verdict for $2,225. The court required plaintiff to remit $600 and, that being done, entered a judgment for $1,625, from which the street railway company appeals.

The first count of the declaration charged that the street car was negligently run at a high and dangerous rate of speed. The second count charged that appellant negligently failed to cause a gong to be rung at least one hundred feet before reaching Morgan street and to be kept ringing till Morgan street was reached, as required by an ordinance of the city of Peoria. The third count charged a negligent failure to obey an ordinance of the city which required the driver of such a car to keep a vigilant watch for all teams, carriages and persons on the track, and to stop the car in the shortest time and space possible upon the first appearance of danger to such team or person.

Appellee was working for $125 per month. He was absent five months from his employment after this accident and spent seven weeks of that time in bed. He produced no medical testimony to support his claim of the extent of his physical injuries. At the end of five months he returned to the same line of work for the same employer. We are not satisfied that the amount of the judgment was warranted by the evidence.

Appellee contends that he turned to go west in the center of Morgan street, and claims that he could not see the approaching car because of the car going north, and that he intended to go west on Morgan street to Prairie avenue, the next street parallel with Monroe avenue and west thereof. He did not explain why he did not turn east on Morgan street, which was the direct route to his employer's house, and cross questions put to him by appellant's counsel to ascertain why he went west instead of east, when his avowed object was to reach his employer's home, were objected to by appellee's counsel and the evidence thereby kept out. Appellee claims that the gong was not sounding on the car which struck him, and that he was proceeding at slow speed, and that the street car was going very rapidly. The clear preponderance of the evidence shows that appellee was running the automobile at a high rate of speed; that the street car was running very slowly, because it was passing the car standing still and discharging passengers; that the gong was sounding, though it did not begin to ring as far back from Morgan street as the ordinance required. We are satisfied from the very clear preponderance of the evidence that appellee did not attempt to go west on Morgan street, but that he swung behind the standing car for the purpose of going to the left hand side of Monroe avenue and thus getting around the funeral procession; that when the collision occurred the automobile was already several feet north of the north line of Morgan street; and that the collision was due to appellee's negligence. He was on the wrong side of the street passing behind a standing car in a blinding snow storm, running at a high rate of speed, and reckless of the consequences which might follow to others who were momentarily obscured from his view by the standing car and the storm. Without describing the injuries to the street car, which were serious, we think it sufficient to say, that upon consideration of all evidence, we are of opinion that appellee was not injured because of any negligence of appellant, but because of his own negligent operation of the automobile.

The judgment is therefore reversed with a finding of facts.

*Reversed with finding of facts.*

Finding of facts, to be incorporated in the judgment. We find that the injuries for which appellee brought this suit agaits appellant were not caused by any negligence of appellant, but by the negligence of appellee in driving his employer's automobile.